[Cite as *State v. Heard*, 2011-Ohio-2031.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95002**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAHEEM J. HEARD

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523007

**BEFORE:** Jones, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 28, 2011

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Jeffrey S. Schnatter
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}  Defendant-appellant, Raheem Heard ("Heard"), appeals his conviction for domestic violence and endangering children.   Finding no merit to the appeal, we affirm.

{¶ 2}  In 2009, Heard was charged with two counts of domestic violence and two counts of endangering children, with his five-year-old son as the named victim.   He entered into a plea agreement with the state and pleaded guilty to one count of domestic violence and

one count of endangering children.   The trial court sentenced Heard to a total of three years in prison at the subsequent sentencing hearing.

{¶ 3}   Heard now appeals his sentence, assigning the following error for our review:

{¶ 4}   "I.   The trial court denied the appellant a full and fair sentencing hearing."

{¶ 5}   In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court addressed the standard for reviewing felony sentencing. See, also, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.   Appellate courts must apply the following two-step approach:   "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.   If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard."   *Kalish* at ¶26.

{¶ 6}   Thus, in the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G).   As the *Kalish* court noted, post- *Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence."   Id. at ¶11; *Foster*, paragraph seven of the syllabus.   The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact.   *Kalish* at ¶13.   As a result, the trial court must still consider

these statutes when imposing a sentence. Id., citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶38.

{¶ 7} R.C. 2929.11(A) provides:

{¶ 8} "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 9} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 10} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. *Kalish* at ¶17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 11} Heard concedes that his sentence was within the statutory guidelines but argues that the trial court did not afford him a full and fair sentencing hearing because the court spoke, ex parte, with the victim's social worker.

{¶ 12} He further argues that the trial court erred when it did not allow defense counsel to question the social worker about whether he was surprised when he learned that there was a no-contact order in the case. According to Heard, the social worker's opinion was relevant to sentencing because he could assess the danger Heard presented to his son. Finally, Heard claims that the trial court assumed facts not in evidence when the court stated "I don't know how many times this has happened before with his son * * *," which was a comment on the state's unsupported allegation that Heard had repeatedly abused his son.

{¶ 13} We disagree with Heard's assertions. First, there is nothing in the record to indicate that the trial court held an inappropriate ex parte conversation with a witness. Although the record does indicate that the trial court spoke with the social worker off the record, it is unknown whether defense counsel was present during that conversation. That being said, defense counsel did state on the record, "I talked to [the social worker] in the back, just as you did." Absent any showing otherwise, such as an App.R. 9(C) statement of the evidence or proceedings, this court will presume regularity.

{¶ 14} Next, we find no error in the trial court's decision not to allow the social worker's opinion into the record. We agree with the trial court that it is irrelevant whether the social worker was surprised to find out that the trial court had issued a no-contact order. We further note that the trial court allowed the defense attorney to question whether the social worker thought Heard would be an appropriate placement for the child if he complied with his caseplan, to which the social worker explained his reservations.

{¶ 15} We also disagree with Heard's assertion that the trial court based its sentence on the state's allegation that Heard had previously abused his son. When the state alleged during the hearing that the victim had old injuries, it was the court that questioned whether the state could support its claim with medical records. When the state replied that it was not admitting the medical records into evidence, the trial court stated: "I don't know how many times this has happened before with his son, but he's being sentenced, let's be clear here, for beating a five year old * * *," which indicates to this court that the trial court was *not* considering the allegations of past abuse.

{¶ 16} At the hearing, the trial court expressly stated that it was taking into consideration the factors pursuant to R.C. 2929.11 and 2929.12 and found that, with Heard's history of four domestic violence convictions, a probation violation, previous driving under suspension convictions, the age of the victim, and the severity of the beating, that Heard was likely to reoffend.

{¶ 17} Finally, we do not find that the trial court abused its discretion in sentencing Heard to three years in prison. The facts entered into evidence showed that Heard had four prior convictions or adjudications of delinquency for domestic violence and whipped his five-year-old son eight to ten times on his bare back and buttocks with a belt as a punishment for misbehaving in school, causing scarring to the child's body.

{¶ 18} The sole assignment of error is overruled.

Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN
JUDGMENT ONLY