[Cite as *State v. Pope*, 2012-Ohio-101.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 96291

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHNATHAN W. POPE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540082

**BEFORE:**    Jones, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 12, 2012

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: William Leland
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, P.J.:

**{¶ 1}** Defendant-appellant, Johnathan Pope, appeals his sentence. We affirm.

**{¶ 2}** In 2010, Pope was charged with multiple counts of drug trafficking, drug possession, endangering children, and possessing criminal tools. He entered into a plea agreement, by which he pleaded guilty to two counts of drug trafficking and one count of endangering children. At the sentencing hearing, the trial court sentenced Pope to a total of two years in prison. It is from this sentence that Pope appeals, raising the following assignment of error for our review:

"I. The lower court erred and denied the appellant equal protection and due process of law when it sentenced him to consecutive sentences based at least in part upon information gathered by the court prior to sentencing without notice to the defense."

**{¶ 3}** We review felony sentences by applying the two-prong approach set forth in *State*

*v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we must ensure that the trial court adhered to all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. Id. at 25. Second, if the first prong is satisfied, we review the trial court's decision under an abuse-of-discretion standard. Id. at 26.

{¶ 4} In this case, the trial court imposed an aggregate sentence of 2 years, when Pope faced a total maximum consecutive sentence of 3 years; thus, the sentence was within the permissible statutory range. Also, the court properly advised Pope of postrelease control. Accordingly, Pope's sentence was not clearly and convincingly contrary to law.

{¶ 5} Next, we consider whether the trial court abused its discretion. Under current Ohio law, a trial court "now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently." *State v. Elmore*, 122 Ohio St.3d 472, 480, 2009-Ohio-3478, 912 N.E.2d 582; *State v. Bates*, 118 Ohio St.3d 174, 178, 2008-Ohio-1983, 887 N.E.2d 328. Although trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or give reasons for imposing the maximum or consecutive sentences, the trial court must still consider the purposes of the felony sentencing statute set forth in R.C. 2929.11 and 2929.12, which provide factors to consider relating to the seriousness of the offense and recidivism of the offender. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Mathis*, 109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1; *see also State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 39 (holding that trial judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences).

{¶ 6} In his assignment of error, Pope argues that the trial court improperly relied on

information the court learned at the sentencing hearing to sentence him to consecutive sentences. We disagree.

{¶ 7} The record reflects that Pope enrolled in a drug treatment program run by the Adult Parole Authority. Defense counsel indicated to the court that Pope was still in the program. Later in the hearing, the trial court stated that it had spoken with Pope's parole officer, who told the court that Pope had been unsuccessfully discharged from the program.

{¶ 8} Pope argues that the trial court should have told his attorney that Pope had not completed the program before the court questioned Pope on the matter. But it was not until the sentencing hearing that the trial court was faced with conflicting information; it was then that the court asked Pope about his status in the program. The presentence investigation report ("PSI") indicates that Pope entered the drug program on October 10, 2010, but tested positive for cocaine and marijuana on October 15, 2010. He admitted consuming alcohol, ecstacy, and cocaine on October 17, 2010. There is a handwritten notation in the PSI that Pope was "unsuccessfully discharged" from the program on October 21, 2010.[1]

{¶ 9} Moreover, a review of the sentencing transcript indicates that Pope's failure to complete his drug program was not the sole basis for the sentence in this case.[2] The trial court considered the facts in the case, reviewed the presentence investigation report and Pope's extensive criminal record, and declared him to be at the "highest risk" of recidivism. According

---

[1] It is unclear who made the notation.

[2] It appears from the transcript that the trial court spoke with Pope's parole officer at some point prior to the hearing. Pope does not argue that the judge's conversation with the parole officer was without defense counsel present or otherwise improper. See *State v. Heard*, 8th Dist. No. 95002, 2011-Ohio-2031, at ¶ 11-13, *appeal not accepted* by 129 Ohio St.3d 1478, 2011-Ohio-4751, 953 N.E.2d 843.

to Pope's PSI, he had eight cases in juvenile court. As an adult, Pope was indicted in 17 felony cases in which he either was found guilty, pleaded guilty, or pleaded no contest. The cases consisted of both violent and non-violent felonies; moreover, Pope was on parole at the time he was arrested in the instant case.

{¶ 10} Accordingly, we conclude that the trial court did not improperly consider evidence of Pope's discharge from the drug program when sentencing him and did not abuse its discretion in sentencing him to two years in prison.

{¶ 11} Pope's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR