THE STATE OF OHIO, CROSS-APPELLANT, *v.* WILLAN, CROSS-APPELLEE.

[Cite as *State v. Willan,* 136 Ohio St.3d 222, 2013-Ohio-2405.]

*Criminal law—Sentencing—Mandatory ten-year prison term for certain crimes of corrupt activity—R.C. 2929.14(D)(3)(a) and 2923.32.*

(No. 2012-0216—Submitted March 13, 2013—Decided June 11, 2013.)

CROSS-APPEAL from the Court of Appeals for Summit County,

No. CA-24894, 2011-Ohio-6603.

_____

FRENCH, J.

{¶ 1} In this appeal, we consider the scope of the language in R.C. 2929.14(D)(3)(a)[1] requiring a mandatory ten-year prison term for an offender "guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree." We hold that this language is unambiguous and conclude that the court of appeals erred by restricting the meaning of "corrupt activity" to refer only to activity associated with the offenses listed in R.C. 2929.14(D)(3)(a).

**BACKGROUND**

{¶ 2} In December 2008, a jury found cross-appellee, David Willan, guilty of 68 counts, including one first-degree-felony count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, Ohio's Racketeer-Influenced and Corrupt Organizations ("RICO") statute. The corrupt-activity count was predicated on, inter alia, five first-degree-felony counts of making false representations for the purpose of registering securities in violation of R.C.

_____

1. R.C. 2929.14(D)(3)(a) has since been amended and is now codified in R.C. 2929.14(B)(3). 2011 Am.Sub.H.B. No. 86. All references to R.C. 2929.14(D)(3)(a) in this opinion are to the former version of the statute.

1707.44(B)(1). At sentencing, which took place after Willan was found guilty of two counts tried separately, the trial court imposed an aggregate total prison term of 16 years. The trial court determined that R.C. 2929.14(D)(3)(a) required a mandatory ten-year prison term for the corrupt-activity count.

{¶ 3} The court of appeals affirmed the guilty verdicts for the corrupt-activity count and three of the predicate violations of R.C. 1707.44(B)(1), but reversed most of the remaining guilty verdicts based on insufficiency of the evidence. 9th Dist. No. 24894, 2011-Ohio-6603, ¶ 71, 85, 94. The court went on to vacate the mandatory ten-year prison term imposed for the corrupt-activity count, declaring R.C. 2929.14(D)(3)(a) ambiguous as to whether the mandatory ten-year term applied to Willan. *Id*. at ¶ 119. Because the statute "did not identify the offense of engaging in a pattern of corrupt activity by its Revised Code section number, R.C. 2923.32," but did use section numbers to identify several other offenses in surrounding language, the court determined that it was "reasonable to infer that the mandatory ten-year prison term * * * was only intended to apply to corrupt activity associated with" those other offenses. *Id*. at ¶ 107.

{¶ 4} We declined to accept jurisdiction over Willan's appeal. We accepted jurisdiction over the state's cross-appeal to consider the following proposition of law: "R.C. 2929.14(D)(3)(a) establishes a mandatory 10-year sentence where a defendant is found guilty of a corrupt activity where the most serious offense in the pattern of corrupt activity is a felony of the first degree."

**ANALYSIS**

{¶ 5} To decide the scope of R.C. 2929.14(D)(3)(a),[2] or any statute, we begin with its text, "reading words and phrases in context and construing them

---

2. In its entirety, former R.C. 2929.14(D)(3)(a) provided:

Except when an offender commits a violation of section 2903.01 or 2907.02 of the Revised Code and the penalty imposed for the violation is life

according to the rules of grammar and common usage." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21; R.C. 1.42. If words and phrases "have acquired a technical or particular meaning, whether by legislative definition or otherwise," we will construe them accordingly. R.C. 1.42. We will attempt to give effect to "every word, phrase, sentence, and part of the statute" and to avoid an interpretation that would "restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording." *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18. If language in a statute is plain and unambiguous, we will apply it as written. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13.

{¶ 6} R.C. 2929.14(D)(3)(a) lists four conditions—divided into separate clauses and expressed in the disjunctive—in which a sentencing court "shall impose * * * a ten-year prison term that cannot be reduced pursuant to section

imprisonment or commits a violation of section 2903.02 of the Revised Code, if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender, if the offender commits a felony violation of section 2925.02, 2925.04, 2925.05, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, or 4729.61, division (C) or (D) of section 3719.172, division (C) of section 4729.51, or division (J) of section 4729.54 of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 of the Revised Code charging that the offender is a major drug offender, if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, or if the offender is guilty of an attempted violation of section 2907.02 of the Revised Code and, had the offender completed the violation of section 2907.02 of the Revised Code that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the violation of section 2907.02 of the Revised Code, the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.

2004 Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5735.

2929.20 or Chapter 2967. or 5120. of the Revised Code." At issue here is the third conditional clause, which triggers the mandatory ten-year term "if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree." The first two clauses pertain to different categories of major drug offender ("MDO") and require the mandatory prison term if the offender is classified as an MDO by committing certain violations of R.C. 2925.03 or 2925.11, or if the offender is found guilty of an MDO specification in addition to a felony violation of any of the 14 enumerated offenses. The fourth clause (beginning with the disjunctive "or") applies if an offender is guilty of attempted rape and would have been subject to a sentence of life imprisonment or life imprisonment without parole had the rape been completed.

{¶ 7} R.C. 2929.14(D)(3)(a) is unambiguous on the question before us. Willan was found guilty of engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1), predicated on three first-degree-felony violations of R.C. 1707.44(B). R.C. 2923.32(A)(1) states that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." R.C. 2923.31(I), in turn, defines "[c]orrupt activity" as "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in" any of several enumerated categories of predicate conduct, including conduct constituting a violation of R.C. 1707.44(B). R.C. 2923.31(I)(2)(a). Thus, because Willan was "guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree," R.C. 2929.14(D)(3)(a) required the trial court to impose the mandatory ten-year term of imprisonment.

4

**{¶ 8}** We discern no support for the court of appeals' interpretation that to trigger the mandatory ten-year term, the corrupt activity must also be "associated with" one of the drug offenses and the attempted-rape offense "explicitly enumerated in R.C. 2929.14(D)(3)(a)." 2011-Ohio-6603 at ¶ 107. That construction overlooks the fact that R.C. 2929.14(D)(3)(a) lists the four offender categories in the disjunctive, signaling that each has a meaning independent from the others and that the existence of any one is sufficient to trigger the mandatory ten-year prison term. " '[C]anons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise * * *.' " *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 51, quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). Here, we discern only the General Assembly's intent to require increased penalties in four separate offender categories, two of which happen to pertain to MDOs. In that respect, the corrupt-activity clause is no different from the language in R.C. 2929.13(F)(10), which states that "the court shall impose a prison term * * * for * * * [c]orrupt activity in violation of section 2923.32 of the Revised Code when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree."

**{¶ 9}** We also reject the premise underlying the court of appeals' determination that the statute is ambiguous. According to the court of appeals, ambiguity existed "in light of the [statute's] explicit application of the mandatory sentence to sixteen different offenses identified by their Revised Code section number, and the failure to include any statutory reference to R.C. 2923.32." 2011-Ohio-6603 at ¶ 107. While we disagree with the characterization of the statute as a simple list of offenses to which the mandatory prison term automatically applies, we fail to see how specifying the code number of the general corrupt-activity statute, R.C. 2923.32, would further clarify which

5

*predicate offenses* are sufficient to trigger the mandatory prison term. Regardless, R.C. 2929.14(D)(3)(a) already identifies which predicate offense triggers the mandatory prison term: "the most serious offense in the pattern of corrupt activity being a felony of the first degree." To add the requirement that the predicate offense must also be one of the drug offenses or the attempted-rape offense would amount to judicial legislation, and we decline to do so.

{¶ 10} Equally unconvincing is Willan's reliance on the doctrine of ejusdem generis. Under that interpretive canon, "whenever words of general meaning follow the enumeration of a particular class, then the general words are to be construed as limited to those things which pertain to the particularly enumerated class." *Akron Home Med. Servs., Inc. v. Lindley*, 25 Ohio St.3d 107, 109, 495 N.E.2d 417 (1986). "Corrupt activity" is not a word of general meaning; we must construe it according to its specific legislative definition set forth in R.C. 2923.31(I). There is simply no syntactic or contextual canon of construction that allows us to overlook the only possible meaning of "corrupt activity" or the unambiguous meaning of R.C. 2929.14(D)(3)(a).

**CONCLUSION**

{¶ 11} We acknowledge that R.C. 2929.14(D)(3)(a) is, like most sentencing statutes, complex, but "the mere possibility of clearer phrasing" will not defeat the most natural reading of the statute. *Caraco Pharmaceutical Laboratories, Ltd. v. Novo Nordisk A/S*, ___ U.S. ___, 132 S.Ct. 1670, 1682, 182 L.Ed.2d 678 (2012). Nor must the General Assembly draft a law with "scientific precision" before we will enforce it. *State v. Anderson*, 57 Ohio St.3d 168, 174, 566 N.E.2d 1224 (1991). We hold that there is only one reasonable construction of R.C. 2929.14(D)(3)(a): a mandatory ten-year prison term is required "if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree." Because Willan fell squarely within

the scope of this provision, the trial court correctly imposed the mandatory ten-year prison term.  Accordingly, we reverse the court of appeals' judgment.

Judgment reversed.

HALL, O'DONNELL, and KENNEDY, JJ., concur.

PFEIFER, ACTING C.J., and LANZINGER and O'NEILL, JJ., dissent.

MICHAEL T. HALL, J., of the Second Appellate District, sitting for O'CONNOR, C.J.

_____

**PFEIFER, ACTING C.J., dissenting.**

{¶ 12} I join Justice Lanzinger's well-reasoned dissent, but write separately to highlight the General Assembly's failure in legislative drafting exemplified by former R.C. 2929.14(D)(3), which the majority opinion relegates to a footnote to fully accommodate its 24 lines of unrelenting abstruseness consisting, remarkably, of the sum total of 307 words and a mere one period, a punctuation mark set out as a lone sentinel facing odds similar to that of the Spartans at the Battle of Thermopylae, a battle that occurred over the course of three days during the second Persian invasion of Greece, and is estimated by historians to have occurred in either August or September, or perhaps both, in 480 B.C., pitting an alliance of Greek city-states, led by King Leonidas of Sparta, against the Persian Empire of Xerxes I, bravely standing before the onslaught of invaders but ultimately unable to stanch the unrelenting tide of the overpowering hordes of words and statutory numbers including R.C. 2903.01, 2907.02, 2903.02, 2925.04, 2925.11, 2925.02, 2925.06, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, 4729.61, 3719.172, 4729.51, 4729.54, 2941.1410, 2929.20, without so much as a helping hand from a single, solitary semicolon, colon, or parenthesis, other than the parentheses surrounding the capital letters denoting the divisions of statutory sections that are sprinkled throughout the statute, a statute that purports to inform the citizenry of the potential penalty for certain

enumerated criminal acts, but by cramming so many words about sentencing into one sentence, sentences itself to uselessness, especially in the case of an offender involved in a pattern of corrupt activity, regarding which R.C. 2929.14(D)(3) surprisingly is completely without specificity, in that it fails to cite a statutory section outlining what constitutes corrupt activity when it otherwise lists specific statutory sections relating to all the other offenses to which it applies, a statutory circumstance up with which we should not put.

———————————

**LANZINGER, J., dissenting.**

{¶ 13} The majority reads former R.C. 2929.14(D)(3)(a) as unambiguous, concluding that "R.C. 2929.14(D)(3)(a) lists the four offender categories in the disjunctive, signaling that each has a meaning independent from the others and that the existence of any one is sufficient to trigger the mandatory ten-year prison term." Majority opinion at ¶ 8. This conclusion is a rejection of an alternative and plausible interpretation accepted by the three judges on the appellate panel of the Ninth District—that there was no legislative intent to "unequivocally impose a mandatory 10-year prison term for any offender found guilty of the general offense of engaging in a pattern of corrupt activity set forth in R.C. 2923.32." 2011-Ohio-6603, ¶ 104. The court of appeals held that the statute does not clearly state "whether the mandatory ten-year term applied to *all* convictions of engaging in a pattern of corrupt activity, or only those that involve the offenses that are explicitly identified in the statute." (Emphasis sic.) *Id.*

*R.C. 2929.14(D)(3)(a) is ambiguous*

{¶ 14} In rejecting the court of appeals' interpretation of the statute, the majority views the statute as unambiguously containing four alternative clauses, each independently calling for a mandatory ten-year prison term. But grammatically, that is not so. Former R.C. 2929.14(D)(3)(a) is a single sentence, consisting of 307 words and containing separate references to over 20 other

criminal statutes, none of which is R.C. 2923.32, the critical offense of which Willan was convicted. When examined fully, the statutory language is hardly plain.

{¶ 15} The sentence begins with a compound exception, referring to aggravated murder and rape: "[e]xcept when an offender commits a violation of section 2903.01 or 2907.02 of the Revised Code and the penalty imposed for the violation is life imprisonment." Then murder is referred to as an alternative exception: "or commits a violation of section 2903.02 of the Revised Code." The first *if* clause relates to drug offenses with two conditions: "if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender." The second *if* clause specifically refers to other drug offenses—

> if the offender commits a felony violation of section 2925.02, 2925.04, 2925.05, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, or 4729.61, division (C) or (D) of section 3719.172, division (C) of section 4729.51, or division (J) of section 4729.54 of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana

—but then adds an additional clause relating to a sentencing statute: "and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 of the Revised Code charging that the offender is a major drug offender." The next *if* clause is a compound alternative with three references to rape and says:

9

if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, or if the offender is guilty of an attempted violation of section 2907.02 of the Revised Code and, had the offender completed the violation of section 2907.02 of the Revised Code that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the violation of section 2907.02 of the Revised Code.

Finally, the sentence concludes, stating that a prison term of ten years may not be reduced by judicial release, the Adult Parole Authority, or the Department of Rehabilitation and Correction: "the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code." 2004 Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5735.

{¶ 16} Willan was convicted of violating R.C. 2923.32(A)(1), predicated on five first-degree-felony violations of R.C. 1707.44(B). The corrupt activity of which he was convicted has nothing to do with any of the offenses explicitly enumerated in former R.C. 2929.14(D)(3)(a), now R.C. 2929.14(B)(3). It is easy to discern that the omission of any cross-reference to a mandatory ten-year sentence for a violation of R.C. 2923.32(A)(1) means that a mandatory ten-year prison term does not apply in these circumstances. I agree with the court of appeals that

[i]t is reasonable to conclude that if the legislature intended the mandatory ten-year term imposed by R.C. 2929.14(D)(3)(a) to apply to the general offense of engaging in a pattern of corrupt

activity, it would have cross-referenced the mandatory penalty of R.C. 2929.14(D)(3)(a) in its explanation of the penalties associated with the general offense of engaging in a pattern of corrupt activity set forth in R.C. 2923.32(B)(1), as it did in great detail for each of the specified drug offenses.

2011-Ohio-6603, ¶ 111.

{¶ 17} This interpretation of the General Assembly's intent is bolstered by amendments to R.C. 2923.32 to increase the penalty for engaging in a pattern of corrupt activity if the offender is convicted of a human-trafficking specification. 2008 Am.Sub.H.B. No. 280. R.C. 2923.32 is now enumerated within the definition of "human trafficking" in R.C. 2929.01(AAA) and the human-trafficking specification in R.C. 2941.1422. R.C. 2923.32(B)(1) also provides that if an offender is convicted of engaging in a pattern of corrupt activity under R.C. 2923.32 and is also convicted of the human-trafficking specification under R.C. 2941.1422, "engaging in a pattern of corrupt activity is a felony of the first degree, and the court shall sentence the offender to a mandatory prison term as provided in" R.C. 2929.14(B)(7). I agree with the court of appeals that it would be unreasonable to conclude that the legislature understood that such offenses under R.C. 2923.32 were already subject to a *more severe* penalty under former R.C. 2929.14(D)(3)(a) and current R.C. 2929.14(B)(3) in light of these amendments.

*The rule of lenity applies to R.C. 2929.14(D)(3)(a)*

{¶ 18} The majority opinion discusses canons of construction but omits one important principle to be used in construing criminal statutes: the rule of lenity. We have emphasized that " 'where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.' " *State v. Young*, 62 Ohio St.2d

370, 374, 406 N.E.2d 499 (1980), quoting *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

{¶ 19} "Ambiguity" is defined as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time." *Webster's Third New International Dictionary* 66 (1986). The rule of lenity is codified in R.C. 2901.04(A), which provides that sections of the Revised Code that define penalties "shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 20} As we have explained,

> The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous. See *Moskal v. United States* (1990), 498 U.S. 103, 107-108, 111 S.Ct. 461, 112 L.Ed.2d 449, quoting *Bifulco v. United States* (1980), 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205, quoting *Lewis v. United States* (1980), 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (" 'the "touchstone" of the rule of lenity "is statutory ambiguity" ' "); *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079. Under the rule, ambiguity in a criminal statute is construed strictly so as to apply the statute only to conduct that is clearly proscribed. *United States v. Lanier* (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432.

*State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38. Thus, Willan was on notice that for a conviction of corrupt activity within the meaning of R.C. 2929.14(D)(3)(a)'s specified drug-related offenses or attempted

rape, he could be subject to the mandatory ten-year prison sentence. But Willan's conviction for corrupt activity was based upon false representations in registering securities. Because the defined offense of corrupt activity under R.C. 2923.32 does not cross-reference R.C. 2929.14(D)(3)(a), the mandatory ten-year prison term is not applicable.

*Conclusion*

{¶ 21} Perhaps if the statute simply said that a mandatory ten-year prison term was required for an offender "guilty of corrupt activity under R.C. 2923.32 with the most serious offense in the pattern of corrupt activity being a felony of the first degree," I could join in judgment. However, it does not. The statute is ambiguous because the court of appeals accepted and explained a second, reasonable interpretation of R.C. 2929.14(D)(3)(a). The rule of lenity requires that we construe this ambiguous statute liberally in favor of the defendant. I therefore respectfully dissent and would affirm the judgment of the Ninth District Court of Appeals.

PFEIFER, ACTING C.J., and O'NEILL, J., concur in the foregoing opinion.

_____

Brad L. Tammaro, Assistant Attorney General, as Special Prosecuting Attorney, and Colleen Sims, Assistant Summit County Prosecuting Attorney, for cross-appellant.

William T. Whitaker Co., L.P.A., Andrea L. Whitaker, and William T. Whitaker, for cross-appellee.

John Murphy, Executive Director, Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

_____