Lanzinger, J.,
dissenting.
{¶ 13} The majority reads former R.C. 2929.14(D)(3)(a) as unambiguous, concluding that “R.C. 2929.14(D)(3)(a) lists the four offender categories in the disjunctive, signaling that each has a meaning independent from the others and that the existence of any one is sufficient to trigger the mandatory ten-year prison term.” Majority opinion at ¶ 8. This conclusion is a rejection of an alternative and plausible interpretation accepted by the three judges on the appellate panel of the Ninth District — that there was no legislative intent to “unequivocally impose a mandatory 10-year prison term for any offender found guilty of the general offense of engaging in a pattern of corrupt activity set forth in R.C. 2923.32.” 2011-Ohio-6603, 2011 WL 6749842, ¶ 104. The court of appeals held that the statute does not clearly state “whether the mandatory ten-year term applied to all convictions of engaging in a pattern of corrupt activity, or only those that involve the offenses that are explicitly identified in the statute.” (Emphasis sic.) Id.

R.C. 2929.14(D)(3)(a) is ambiguous

{¶ 14} In rejecting the court of appeals’ interpretation of the statute, the majority views the statute as unambiguously containing four alternative clauses, each independently calling for a mandatory ten-year prison term. But grammatically, that is not so. Former R.C. 2929.14(D)(3)(a) is a single sentence, consisting of 307 words and containing separate references to over 20 other criminal statutes, none of which is R.C. 2923.32, the critical offense of which Willan was convicted. When examined fully, the statutory language is hardly plain.
*228 {¶ 15} The sentence begins with a compound exception, referring to aggravated murder and rape: “[e]xcept when an offender commits a violation of section 2903.01 or 2907.02 of the Revised Code and the penalty imposed for the violation is life imprisonment.” Then murder is referred to as an alternative exception: “or commits a violation of section 2903.02 of the Revised Code.” The first if clause relates to drug offenses with two conditions: “if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender.” The second if clause specifically refers to other drug offenses' — ■
if the offender commits a felony violation of section 2925.02, 2925.04, 2925.05, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, or 4729.61, division (C) or (D) of section 3719.172, division (C) of section 4729.51, or division (J) of section 4729.54 of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana
—but then adds an additional clause relating to a sentencing statute: “and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 of the Revised Code charging that the offender is a major drug offender.” The next if clause is a compound alternative with three references to rape and says:
if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, or if the offender is guilty of an attempted violation of section 2907.02 of the Revised Code and, had the offender completed the violation of section 2907.02 of the Revised Code that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the violation of section 2907.02 of the Revised Code.
Finally, the sentence concludes, stating that a prison term of ten years may not be reduced by judicial release, the Adult Parole Authority, or the Department of Rehabilitation and Correction: “the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.” 2004 Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5735.
*229 {¶ 16} Willan was convicted of violating R.C. 2923.32(A)(1), predicated on five first-degree-felony violations of R.C. 1707.44(B). The corrupt activity of which he was convicted has nothing to do with any of the offenses explicitly enumerated in former R.C. 2929.14(D)(3)(a), now R.C. 2929.14(B)(3). It is easy to discern that the omission of any cross-reference to a mandatory ten-year sentence for a violation of R.C. 2923.32(A)(1) means that a mandatory ten-year prison term does not apply in these circumstances. I agree with the court of appeals that
[i]t is reasonable to conclude that if the legislature intended the mandatory ten-year term imposed by R.C. 2929.14(D)(3)(a) to apply to the general offense of engaging in a pattern of corrupt activity, it would have cross-referenced the mandatory penalty of R.C. 2929.14(D)(3)(a) in its explanation of the penalties associated with the general offense of engaging in a pattern of corrupt activity set forth in R.C. 2923.32(B)(1), as it did in great detail for each of the specified drug offenses.
2011-0hio-6603, 2011 WL 6749842, ¶ 111.
{¶ 17} This interpretation of the General Assembly’s intent is bolstered by amendments to R.C. 2923.32 to increase the penalty for engaging in a pattern of corrupt activity if the offender is convicted of a human-trafficking specification. 2008 Am.Sub.H.B. No. 280. R.C. 2923.32 is now enumerated within the definition of “human trafficking” in R.C. 2929.01(AAA) and the human-trafficking specification in R.C. 2941.1422. R.C. 2923.32(B)(1) also provides that if an offender is convicted of engaging in a pattern of corrupt activity under R.C. 2923.32 and is also convicted of the human-trafficking specification under R.C. 2941.1422, “engaging in a pattern of corrupt activity is a felony of the first degree, and the court shall sentence the offender to a mandatory prison term as provided in” R.C. 2929.14(B)(7). I agree with the court of appeals that it would be unreasonable to conclude that the legislature understood that such offenses under R.C. 2923.32 were already subject to a more severe penalty under former R.C. 2929.14(D)(3)(a) and current R.C. 2929.14(B)(3) in light of these amendments.

The rule of lenity applies to R.C. 2929.14(D)(3)(a)

{¶ 18} The majority opinion discusses canons of construction but omits one important principle to be used in construing criminal statutes: the rule of lenity. We have emphasized that “ ‘where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.’ ” State v. Young, 62 Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).
*230 {¶ 19} “Ambiguity” is defined as “the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time.” Webster’s Third New International Dictionary 66 (1986). The rule of lenity is codified in R.C. 2901.04(A), which provides that sections of the Revised Code that define penalties “shall be strictly construed against the state, and liberally construed in favor of the accused.”
{¶ 20} As we have explained,
The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous. See Moskal v. United States (1990), 498 U.S. 103, 107-108, 111 S.Ct. 461, 112 L.Ed.2d 449, quoting Bifulco v. United States (1980), 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205, quoting Lewis v. United States (1980), 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (“‘the “touchstone” of the rule of lenity “is statutory ambiguity” ’ ”); State v. Arnold (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079. Under the rule, ambiguity in a criminal statute is construed strictly so as to apply the statute only to conduct that is clearly proscribed. United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432.
State v. Elmore, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38. Thus, Willan was on notice that for a conviction of corrupt activity within the meaning of R.C. 2929.14(D)(3)(a) specified drug-related offenses or attempted rape, he could be subject to the mandatory ten-year prison sentence. But Willan’s conviction for corrupt activity was based upon false representations in registering securities. Because the defined offense of corrupt activity under R.C. 2923.32 does not cross-reference R.C. 2929.14(D)(3)(a), the mandatory ten-year prison term is not applicable.

Conclusion

{¶ 21} Perhaps if the statute simply said that a mandatory ten-year prison term was required for an offender “guilty of corrupt activity under R.C. 2923.32 with the most serious offense in the pattern of corrupt activity being a felony of the first degree,” I could join in judgment. However, it does not. The statute is ambiguous because the court of appeals accepted and explained a second, reasonable interpretation of R.C. 2929.14(D)(3)(a). The rule of lenity requires that we construe this ambiguous statute liberally in favor of the defendant. I *231 therefore respectfully dissent and would affirm the judgment of the Ninth District Court of Appeals.
Brad L. Tammaro, Assistant Attorney General, as Special Prosecuting Attorney, and Colleen Sims, Assistant Summit County Prosecuting Attorney, for cross-appellant.
William T. Whitaker Co., L.P.A., Andrea L. Whitaker, and William T. Whitaker, for cross-appellee.
John Murphy, Executive Director, Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.
Pfeifer, Acting C.J., and O’Neill, J., concur in the foregoing opinion.