[Cite as *State v. Coleman*, 2013-Ohio-1658.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98557 and 98558**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHELLE R. COLEMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-560544 and CR-555365

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 25, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mary Weston
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Michelle R. Coleman ("Coleman") appeals her prison sentences. Finding some merit to the appeal, we affirm in part, reverse in part, and remand the case to the trial court for resentencing.

{¶2} This consolidated appeal involves two separate criminal cases. In Cuyahoga C.P. No. CR-555365, Coleman pleaded guilty to burglary and grand theft. Both charges were fourth-degree felonies. In Cuyahoga C.P. No. CR-560544, Coleman pleaded guilty to breaking and entering and attempted theft. Both charges were fifth-degree felonies. Pursuant to a plea agreement, Coleman agreed to pay restitution to the victims. The trial court imposed concurrent 15-month prison terms on the fourth-degree felonies in CR-555365, and concurrent 12-month prison terms on the fifth-degree felonies in CR-560544. The court ordered Coleman to serve the two sentences consecutively for an aggregate 27-month prison term. Coleman now appeals, raising three assignments of error.

## Ambiguity

{¶3} In her first assignment of error, Coleman argues the trial court erroneously construed R.C. 2929.13(B)(1)(a)(i) when it imposed prison sentences instead of community control sanctions. In her second assignment of error, she argues her sentence is contrary to law because it violates R.C. 2929.13(B)(1)(a). We discuss these assigned errors together because they are interrelated.

**{¶4}** R.C. 2929.13(B)(1)(a)   provides:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶5}** R.C. 2929.13(B)(1)(a) creates a presumption in favor of community control sanctions for crimes meeting certain criteria.  *State v. Lyles*, 8th Dist. No. 97524, 2012-Ohio-3362, ¶ 10.  It is undisputed that Coleman's crimes were not violent and involved fourth- and fifth-degree felonies.

**{¶6}** Coleman argues that it is unclear whether the two-year time limitation contained in subsection (i) applies to fourth- and fifth-degree felonies, or whether it applies solely to violent misdemeanors.[1]  The state contends the two-year time limitation applies only to violent misdemeanors.  Under the state's interpretation, if a defendant has

---

[1] We note that this case was heard for argument prior to Am.Sub.S.B. 160 becoming enacted.

been convicted of a felony offense at any time, then subsection (i) cannot be satisfied and the court may impose a prison sentence. However, if the two-year time limitation applies to felony convictions, all the criteria necessary for mandatory community control sanctions would be satisfied because Coleman's prior felony convictions occurred over two years prior to sentencing.

{¶7} Coleman further argues that because R.C. 2929.13(B)(1)(a)(i) is ambiguous, we must construe the language in her favor and against the state. Indeed, the rule of lenity, which is a principle of statutory construction, provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous. *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38, citing *Moskal v. United States*, 498 U.S. 103, 107-108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990).

{¶8} This court has previously determined that the two-year time limitation contained in R.C. 2929.13(B)(1)(a)(i) applies to fourth- and fifth-degree felonies. *State v. Johnson*, 8th Dist. No. 98245, 2013-Ohio-575, ¶ 60. However, the facts presented here differ from *Johnson* because *Johnson* only involved one criminal case whereas the instant case involves a consolidated appeal of two separate cases. Coleman was not convicted of a felony or violent misdemeanor within the two years prior to sentencing in CR-555365. Therefore, R.C. 2929.13(B)(1)(a) required the trial court to impose community control sanctions in lieu of prison on the case with the lower case number, i.e., CR-555365.

**{¶9}** Coleman cannot satisfy the two-year time limitation in the second case, CR-560544, because she was convicted of two fourth-degree felonies in CR-555365. Therefore, the twelve-month sentences on the two fifth-degree felonies in CR-560544 do not violate R.C. 2929.13(B)(1)(a)(i).

**{¶10}** Accordingly, we sustain in part and overrule in part the first and second assignments of error.

**{¶11}** Having determined that the prison sentence imposed in CR-555365 was contrary to law, we find the third assignment of error, which challenges the court's statutory findings for the imposition of consecutive sentences, moot.

**{¶12}** Judgment is affirmed in part and reversed in part. The case is remanded to the trial court for resentencing to impose community control sanctions in CR-555365.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN A. KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR