[Cite as *State v. Randall*, 2013-Ohio-5130.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99721

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM RANDALL, IV

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-569347

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Erin Stone
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, William Randall, IV, appeals his sentence. After careful review of the record and relevant case law, we reverse and remand for proceedings consistent with this opinion.

## I.  Factual and Procedural History

{¶2} On December 18, 2012, appellant was indicted in Cuyahoga C.P. No. CR-569347 on one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The theft charge arose out of a contract for roofing services that appellant entered into with West Bethel Baptist Church ("the Church") in Cleveland, Ohio. In furtherance of the parties' agreement, the Church paid appellant $3,600 in advance of any work being performed. However, appellant never performed the agreed-upon roofing work and did not return numerous requests to complete the work or return the paid funds. Based on appellant's failure to respond to the Church's requests, the Church reported appellant to the police and this case ensued.

{¶3} On January 29, 2013, appellant entered a plea of guilty to a charge of theft, as charged in the indictment. On March 7, 2013, the trial court sentenced him to a prison term of ten months. On March 8, 2013, appellant filed a motion for relief from judgment or reconsideration of sentence. On March 19, 2013, the trial court denied appellant's motion.

{¶4} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

### A. R.C. 2929.13(B)(1)(a)

{¶5} In his sole assignment of error, appellant argues that his sentence was contrary to law. Specifically, he contends that, pursuant to R.C. 2929.13(B)(1)(a), "the trial court is required to sentence a defendant who pleads guilty to a fourth- or fifth-degree felony that was not an offense of violence to a community control sanction of at least one year."

{¶6} At the time of appellant's sentencing, R.C. 2929.13(B)(1)(a) provided:[1]

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one

---

[1] The current version of R.C. 2929.13(B)(1)(a) restates former R.C. 2929.13(B)(1)(a)(i) as two separate conditions: "(i) The offender previously has not been convicted of or pleaded guilty to a felony offense," and "(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed." *See* 2012 Am.Sub.S.B. 160, effective March 22, 2013.

or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶7}** This court has determined that, under former R.C. 2929.13(B)(1)(a), if all three subsections are satisfied, the trial court is required to impose a term of community control sanctions and lacks the discretion to sentence the offender to a prison term. *State v. Johnson*, 8th Dist. Cuyahoga No. 98245, 2013-Ohio-575, ¶ 59.

**{¶8}** The parties do not dispute that subsections (ii) and (iii) are satisfied in this case. However, with respect to subsection (i), the state contends that R.C. 2929.13(B)(1)(a) does not apply because appellant had a prior felony conviction despite the fact that it predated his sentencing by more than two years.

**{¶9}** Based on this court's holding in *Johnson*, we find no merit to the state's position. In *Johnson*, this court rejected the same argument raised by the state, holding that "R.C. 2929.13(B)(1)(a)(i) is satisfied where a defendant has previously been convicted of or pleaded guilty to a felony offense, but that conviction or guilty plea occurred more than two years before the current sentence is imposed." *Id*. at ¶ 60 (finding that the state's position would have us effectively read the word "and" out of R.C. 2929.13(B)(1)(a)(i)).

**{¶10}** Here, it is undisputed that appellant had not been convicted of a felony or pleaded guilty to a felony in the two years preceding this underlying theft offense. Therefore, R.C. 2929.13(B)(1)(a)(i) applied. Because there is no dispute that R.C. 2929.13(B)(1)(a)(ii)-(iii) applied, the trial court was required to sentence appellant to a community control sanction. Accordingly, the trial court committed clear error when it

failed to comply with the applicable statute and sentenced appellant to a term of imprisonment. *Johnson*, at ¶ 61.

**{¶11}** We acknowledge that Am.Sub.S.B. No. 160 took effect on March 22, 2013, which changed, or clarified, the ambiguous provisions of R.C. 2929.13(B)(1)(a). Under the current version of the law, the mandatory community control provisions do not apply if the offender has previously pled guilty to, or has previously been convicted of, a felony, regardless of the date. *See* R.C. 2929.13(B)(1)(a)(i). Thus, we agree that had the current version of R.C. 2929.13(B)(1)(a) existed at the time of appellant's sentencing, the trial court would not have been mandated to sentence him to community control sanctions based on his previous felony conviction in 2008.

**{¶12}** Nevertheless, appellant was sentenced before the effective date of S.B. 160. Accordingly, we find our examination of the prior version of the law in *Johnson* to be applicable herein and find that any ambiguity existing in R.C. 2929.13(B)(1)(a)(i) at the time of appellant's sentence requires us to construe the language in appellant's favor and against the state. *State v. Coleman*, 8th Dist. Cuyahoga Nos. 98557 and 98558, 2013-Ohio-1658.

**{¶13}** Based on the foregoing, we find the trial court erred in sentencing appellant to a ten-month term of imprisonment. Appellant's sole assignment of error is sustained, and the matter is reversed and remanded so that community control sanctions can be imposed.

**{¶14}** Judgment is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR