[Cite as *State v. Furness*, 2014-Ohio-414.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99930**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE FURNESS

DEFENDANT-APPELLANT

## JUDGMENT:
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-571056

**BEFORE:** E.A. Gallagher, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Katherine Mullin
        Brad S. Meyer
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant George Furness appeals his sentence rendered in the Cuyahoga County Court of Common Pleas. Furness argues that the trial court erred in imposing a prison term as opposed to community control sanctions, that his restitution order violated R.C. 2929.18(A)(1) and that his trial attorney provided ineffective assistance of counsel. For the following reasons, we vacate Furness' sentence and remand.

**{¶2}** Furness was indicted on February 5, 2013, charged with one count of receiving stolen property, a felony of the fifth degree. The indictment alleged that the offense was committed on October 27, 2012, and involved three items of jewelry.

**{¶3}** On March 21, 2013, Furness entered a guilty plea to the charge and was referred for a presentence investigation report. At sentencing, the matter of restitution was raised. The trial court allowed a recess for the prosecutor and Furness' counsel to properly calculate restitution. After conferring with the prosecutor, defense counsel and Furness himself represented to the trial court that the proper amount of restitution was $2,946.00. The prosecutor specifically noted that this amount accounted for sums the victim received from her insurance company as well as a $1,000 insurance deductible paid by the victim.

**{¶4}** The victim spoke at sentencing and described the significant harm caused by Furness' conduct and referenced a Lake County case wherein she alleged that Furness

had committed another theft four weeks after the conduct in this case. Neither party introduced any documentary evidence regarding the Lake County case.

**{¶5}** The trial court noted that Furness had a prior felony conviction but noted that, pursuant to R.C. 2929.13, prior to a recent revision, Furness would not have been eligible for imprisonment. The trial court stated that since the law had been recently revised, the court could sentence Furness to a prison term. The trial court imposed a prison term of ten months to run concurrent to a sentence Furness received in Lake County case No. 12CR-055.[1] The court also ordered restitution in the amount of $2,946.00. Furness appeals, asserting three assignments of error.

**{¶6}** Furness' first assignment of error states:

The trial court erred and violated the ex post facto clause and the due process clause of the United States Constitution when it sentenced appellant under the guidelines of R.C. 2929.13 as modified after appellant's entering his guilty plea.

**{¶7}** R.C. 2929.13 was amended as part of 2011 Am.Sub.H.B. No. 86. At the time Furness committed the crime in this case, R.C. 2929.13(B)(1)(a) provided:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that

---

[1] The presentence investigation report references a Lake County case filed on February 20, 2013, with the charge "RSP." The report indicates that Furness plead guilty on April 1, 2013, and was sentenced to two years of community control with the condition that he serve 125 days in Lake County jail.

the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

**{¶8}** Pursuant to R.C. 2929.13(B)(1)(a), in effect at the time of Furness' offense, if subsections (i), (ii) and (iii) are satisfied, then the trial court was required to sentence Furness to community control sanctions and lacked the discretion to sentence him to a term of imprisonment. *State v. Johnson*, 8th Dist. Cuyahoga No. 98245, 2013-Ohio-575, ¶ 59.

**{¶9}** In *Johnson*, this court held that the two-year time period in R.C. 2929.13(B)(1)(a)(i) applied to both felony offenses and misdemeanor offenses of violence, such that if an offender committed a felony outside the two-year time frame subsection (i) remained satisfied. *Id.* at ¶ 60.

**{¶10}** R.C. 2929.13(B)(1)(a) was amended by the legislature, effective March 22, 2013, to provide that if an offender had ever been convicted of a felony, then the trial court was not required to impose community control sanctions. However, this was not the law in effect at the time of the commission of Furness' offense. Furness argues that the application of the amended version of R.C. 2929.13 is prohibited by the ex post facto

clause of the Ohio Constitution, Article II, Section 28 and the U.S. Constitution, Article I, Section 10.   We agree.

**{¶11}** Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense.   *State v. Walls*, 96 Ohio St.3d 447, 2002-Ohio-5059, 775 N.E.2d 841, ¶ 29, citing *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182 (1937). To violate the ex post facto clause,

> the law must be retrospective so that it applies to events occurring before its enactment and it must disadvantage the person affected by altering the definition of criminal conduct or increasing the punishment for the crime.

*State v. Glaude*, 8th Dist. Cuyahoga No. 73757, 1999 Ohio App. LEXIS 4076 (Sept. 2, 1999), citing *Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63    (1997).

> The clause prohibits the enactment of any law that criminalizes conduct which was innocent and not punishable at the time it was committed; or that makes the crime more serious than it was when committed; or that inflicts a greater punishment than that prescribed at the time the crime was committed; or that alters the legal rules of evidence either by requiring less or different evidence in order to convict or by eliminating a defense available when the crime was committed.

*Id.*, citing *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925); *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 24.

**{¶12}** The record in this case is not a model of clarity.   Neither party introduced documentary evidence regarding Furness' Lake County case and we are loathe to rely on an unsworn statement by the victim at sentencing to determine, as a matter of fact, the date that Furness' Lake County offense was committed.   However, it is clear from the

record that the trial court was aware of that case and the trial court plainly stated that although Furness had a prior felony conviction, he would not have been eligible for imprisonment without the recent amendments to R.C. 2929.13. We are left to conclude, consistent with the statements made by both the trial court and the victim, that Furness' offense in Lake County was *committed subsequent to* his offense in this case. We note that the state has not disputed this point. Pursuant to the language of R.C. 2929.13(B)(1)(a) as in effect at the time of Furness' offense, the appropriate result is that the trial court is bound to impose community control sanctions in the case dealing with the *earlier committed offense* but not the latter. *See*, *e.g.*, *State v. Coleman*, 8th Dist. Cuyahoga Nos. 98557 and 98558, 2013-Ohio-1658, ¶ 8-11.

**{¶13}** The trial court erred in applying the amended version of R.C. 2929.13(B)(1)(a) because it plainly was not in effect at the time of Furness' offense. The trial court itself noted that the version of the statute in effect prior to the recent amendments and at the time of Furness' offense would have required the imposition of a community control sanction. As such, the trial court's application of the amended statute to impose a prison term clearly violates the ex post facto clause.

**{¶14}** Furness' first assignment of error is sustained.

**{¶15}** Furness' second assignment of error states:

> The trial court erred and violated appellant's right to due process of law when it imposed an order of restitution greater than the victim's economic loss.

**{¶16}** Appellant argues that the trial court's restitution order violated R.C. 2929.18 because it exceeded the amount of the victim's actual economic loss. Because Furness did not object at his sentencing hearing to the order of restitution or the amount ordered, he has waived all but plain error. *State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 14, citing *State v. Marbury*, 104 Ohio App.3d 179, 181, 661 N.E.2d 271 (8th Dist.1995).

**{¶17}** R.C. 2929.18(A)(1) requires that when restitution is imposed as part of a criminal sanction for felony offenses, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." Ohio courts have recognized that the amount of restitution ordered by a trial court must bear a reasonable relationship to the loss suffered and is limited to the actual loss caused by the offender's criminal conduct for which he was convicted. *State v. McRae*, 8th Dist. Cuyahoga No. 96253, 2011-Ohio-6157, ¶ 37.

**{¶18}** We find no plain error in the present instance. The victim spoke at sentencing regarding the financial impact of Furness' crime beyond merely the value of the items at issue. The trial court properly raised the issue of calculating an accurate amount of restitution and provided the parties with a recess for the same purpose. When the parties returned they stipulated to an amount of restitution which, contrary to Furness' present argument, the record reflects took into account insurance proceeds and a deductible paid by the victim. In addition to the stipulations by both the prosecutor and Furness' defense counsel, Furness himself indicated to the trial court that the stipulated

restitution amount was correct. We find no evidence in the record to support Furness' argument that the stipulated restitution amount was incorrect. The parties' stipulation to the amount of restitution served as a sufficient basis to support the trial court's order and precludes Furness from complaining about it now on appeal. *State v. Hody*, 8th Dist. Cuyahoga No. 94328, 2010-Ohio-6020, ¶ 25, citing *State v. Sancho*, 8th Dist. Cuyahoga No. 91903, 2009-Ohio-5478.

{¶19} Furness' second assignment of error is overruled.

{¶20} Furness' third assignment of error states:

Appellant was denied his sixth amendment right to counsel due to the ineffective assistance of trial counsel.

{¶21} In his third assignment of error, Furness asks that in the event that we deny either of his first two assignments of error due to actions of his trial counsel in preserving those errors for our review we find that his counsel rendered ineffective assistance of counsel.

{¶22} In order to demonstrate a claim of ineffective assistance of counsel, the appellant must show that his counsel deprived him of a fair trial. *State v. Sanders*, 8th Dist. Cuyahoga No. 55524, 1989 Ohio App. LEXIS 2362 (June 15, 1989). The appellant must specifically show that: (1) defense counsel's performance at trial was seriously flawed and deficient; and (2) the result of the trial would have been different if defense counsel had provided proper representation at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶23}** Furness' argument is plainly moot in respect to his first assignment of error which we have sustained. We further find absolutely no evidence in the record to indicate that his counsel was deficient in regards to the stipulated amount of restitution, in light of the fact that Furness himself represented to the trial court that the calculation was correct.

**{¶24}** Furness' third assignment of error is overruled.

**{¶25}** Furness' sentence is vacated and this matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR