[Cite as *State v. Coleman*, 2016-Ohio-1111.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-15-1071

      Appellee                                    Trial Court No. CR0201401836

v.

William Coleman                               **DECISION AND JUDGMENT**

      Appellant                                   Decided:  March 18, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 13, 2014 judgment of the Lucas County

Court of Common Pleas, which found appellant not guilty by reason of insanity on one

count of robbery, in violation of R.C. 2911(A)(2), a second degree felony, and one count

of burglary, in violation of R.C. 2911.12(A)(2), a second degree felony.  A third count of

vandalism, in violation of R.C. 2909.05(B)(1) and (E), a fifth degree felony, was dismissed by directed verdict.

{¶ 2} On December 16, 2014, the requisite R.C. 2945.40 hearing was held. Appellant was ordered to be committed to the Northwest Psychiatric Hospital in Toledo for a maximum period of 16 years. For the reasons set forth below, this court reverses the sentencing judgment of the trial court and remands for resentencing.

{¶ 3} Appellant, William Coleman, sets forth the following sole assignment of error:

The trial court erred to the prejudice of Appellant by imposing consecutive maximum terms of court supervision under R.C. 2945.401(J)(1)(b).

{¶ 4} The following undisputed facts are relevant to this appeal. During the early morning hours of May 18, 2014, appellant broke into his uncle's residence while his uncle was asleep. The startled victim awoke to discover his nephew, who has a history of mental illness and who had just been released from prison, standing over his bed. Appellant stole a bottle of Percocet from the victim's nightstand and fled. The victim pursued appellant outside onto the front porch.

{¶ 5} When the victim reached the front porch he called 9-1-1 from his cell phone. In response, appellant began assaulting the victim, preventing him from speaking with the dispatcher. Appellant then grabbed a shovel and put the victim into a chokehold. The

2.

victim struggled to free himself, grabbed his phone, ran back inside his house, locked the doors, and reported the events to 9-1-1.

{¶ 6} While the victim was speaking with 9-1-1, appellant began breaking the windows of the victim's home with a wicker table. Appellant was still inflicting damage to the home when he was subdued by the arriving police officers.

{¶ 7} Subsequently, appellant became a patient at the Northwest Ohio Psychiatric Hospital. A multitude of continuances ensued to enable psychiatric evaluations to assess appellant's competency to stand trial. Appellant was deemed competent to face trial.

{¶ 8} On November 17, 2014, a bench trial commenced. Following trial, appellant was found not guilty by reason of insanity on the robbery and burglary charges. The vandalism charge was dismissed by directed verdict.

{¶ 9} On December 16, 2014, appellant was sentenced pursuant to R.C. 2945.40. The trial court ordered appellant to be committed to the Northwest Psychiatric Hospital for a maximum period of 16 years, constituted of consecutive, maximum sentences for the robbery and burglary charges. This appeal ensued.

{¶ 10} In the sole assignment of error, appellant contends that the trial court erred by sentencing him to a 16-year period of commitment. Appellant asserts that the sentence conflicts with R.C. 2945.401(J)(1)(b). In support, appellant argues that the use of the singular form of the word "offense" in the statutory language precludes consecutive sentences in multiple offense scenarios such as this case. Upon our review of the facts and governing statutory language, we concur.

3.

**{¶ 11}** It is well-established under Ohio law that a trial court must not, "[I]nterpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38. Furthermore, the Supreme Court of the United States has held that ambiguous statutes are to be construed in favor of the defendant, not the state, under the principles of the rule of lenity. *Rewis v. United States*, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).

**{¶ 12}** R.C. 2945.401 delineates the timeframe for which an individual can be committed to psychiatric treatment when found not guilty by reason of insanity:

(J)(1) A defendant or person who has been committed pursuant to section 2945.39 or 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. For the purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following: (b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity.

**{¶ 13}** In *State of Ohio v. Hersh*, 2012-Ohio-3807, 974 N.E.2d 161, ¶ 2 (8th Dist.), appellant was charged with three counts of menacing by stalking. The trial court found

appellant not guilty by reason of insanity and referred her to commitment proceedings. *Id*. at ¶ 4. The court, "[I]ndicated that it would retain jurisdiction over the case for 18 months, the maximum time [appellant] could have received had she been found guilty." *Id*. at ¶ 5. Ten months after the sentencing, the trial court extended the period of her conditional release to five years. *Id*.

{¶ 14} Appellant appealed the extension of her sentence on the basis that under R.C. 2945.401(J)(1)(b), the maximum amount of time the trial court could retain jurisdiction was 18 months, the maximum amount of time she would have received had she been found guilty of the felony charges. *Id*. at ¶ 7. The appellate court agreed. The case was remanded to vacate the extension of appellant's sentence. *Id*. at ¶ 38.

{¶ 15} Governing precedent, applicable statutory language, and the record of evidence all demonstrate the veracity of appellant's position. The trial court is permitted to commit appellant for psychiatric treatment only for the maximum amount of time appellant would have received on the most serious offense. As such, appellant should have only been sentenced to a maximum commitment of eight years. Wherefore, we find appellant's assignment of error well-taken.

{¶ 16} Wherefore, the sentencing judgment of the Lucas County Court of Common Please is hereby reversed. The case is remanded for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____

               JUDGE

Thomas J. Osowik, J.

             _____

Stephen A. Yarbrough, J.       JUDGE
CONCUR.

             _____

             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.