[Cite as *State v. Lantz*, 2019-Ohio-3439.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0015** |
| DANNY J. LANTZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0498.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Danny J. Lantz, appeals from the judgment of the Portage County Court of Common Pleas, concluding it possessed continuing jurisdiction, pursuant to R.C. 2945.401(J)(1)(b), to keep appellant committed to a mental health institution after he was found not guilty by reason of insanity in 2009 on two counts of felonious assault. We reverse and remand the matter.

{¶2}    In August 2009, the Portage County Grand Jury indicted appellant on two counts of felonious assault, second-degree felonies under R.C. 2903.11(A)(2). Almost immediately after appellant's arraignment, his counsel moved the trial court to order an evaluation of his sanity at the time the two offenses allegedly took place. Following the completion of the first psychological evaluation, the trial court conducted a hearing and found that appellant was competent to stand trial. Nevertheless, the court still ordered that a second evaluation be performed. Furthermore, appellant's counsel filed a written plea of not guilty by reason of insanity.

{¶3}    Prior to the scheduled date for his trial in late December 2009, appellant executed a written waiver of his constitutional right to a jury trial. At the beginning of the ensuing bench trial, the state and appellant submitted into evidence certain stipulations of fact and a copy of a psychological report. Upon approving the stipulations and fully reviewing the report, the trial court found appellant not guilty by reason of insanity ("NGRI") as to both counts of the indictment.  In so concluding, the court ultimately found:

> {¶4}    by clear and convincing evidence that the defendant is subject to hospitalization and, therefore, based on the recommendation of the psychologist the defendant shall be committed for the maximum sentence allowable or until restored to sanity to Heartland Behavioral Healthcare Center, the least restrictive setting consistent with the defendant's treatment needs and community safety.  The court shall retain jurisdiction of this matter.

{¶5}    Pursuant to statute, continued commitment hearings and status hearings were held over the years.  The last mandatory two-year review hearing occurred on September 6, 2016.  The parties stipulated to the report from Northcoast Behavioral

2

Healthcare ("NBH") and the trial court found appellant was "mentally ill, subject to hospitalization and NBH [was] the least restrictive and appropriate commitment facility."

{¶6} On December 6, 2017, appellant's counsel moved the trial court to enter a nunc pro tunc judgment to change the original judgment committing appellant to the mental health institution. The motion sought to change the court's original order to commit appellant "for the maximum sentence allowable or until restored to sanity * * *" to commit appellant "for the maximum prison term for the most serious offense, a term of eight years." Counsel argued the original statement of commitment improperly enlarged the time-frame over which the court could exercise jurisdiction, for up to 16 years, in violation of R.C. 2945.401(J)(1)(b).

{¶7} The matter proceeded to hearing on January 12, 2018. Appellant's counsel argued that, pursuant to R.C. 2945.401(J)(1)(b), the maximum permissible time over which the trial court could exercise jurisdiction over appellant was eight years, the maximum penalty for the most serious offense in appellant's case, a felony-two felonious assault. The state argued that, because appellant was charged with two counts of felonious assault on separate victims, and both were equally serious, the trial court could exercise jurisdiction over appellant for sixteen years, the maximum penalty for the charges if they were run consecutively.

{¶8} The state also called Dr. Ellen Hott, the attending psychiatrist at the institution where appellant resides. Appellant was diagnosed with schizoaffective disorder, bipolar type, and had a history of substance use disorder that was in institutional remission. Dr. Hott testified appellant's treatment plan was to continue his antipsychotic and mood stabilizing medications that were currently given in long acting

3

injectable form. Dr. Hott's recommendation was that appellant continue the treatment plan under hospital supervision. Dr. Hott testified that appellant has directly advised her that he wishes to discontinue antipsychotic medication and plans to do so upon his discharge. She further testified, however, that if appellant discontinued his medication, there was a strong possibility, in light of his diagnoses, he would become violent.

{¶9} After the hearing, the trial court determined it had continuing jurisdiction over appellant for up to 16 years after he was found NGRI. The trial court granted the underlying motion in part and filed an amended entry, which provided:

{¶10} It is so ordered pursuant to R.C. 2945.401(J)(1)(b) this case will remain under the court's jurisdiction until the defendant is no longer a mentally ill person subject to hospitalization by court order, as determined by this trial court, or the expiration of the maximum prison term or term of imprisonment that the defendant could have received if he had been convicted of the most serious offense with which he was charged or in relation to which he was found not guilty by reason of insanity.

{¶11} The most serious offense which the defendant was found not guilty by reason of insanity was count one, felonious assault a felony of the second degree, R.C. 2923.11 and count two, felonious assault, a felony of the second degree, R.C. 2923.11. The maximum possible sentence imposed if the defendant had been convicted of these equally serious offenses would have been sixteen years.

{¶12} Appellant now appeals and assigns the following as error:

{¶13} "The trial court erred as a matter of law by declaring appellant can be institutionalized for up to 16 years."

{¶14} Appellant argues the trial court erred in continuing its jurisdiction under R.C. 2945.401 beyond an eight-year period even though he was found NGRI for two second-degree felonies which involved two separate victims. He maintains R.C. 2945.401(J)(1)(b) specifically contemplates continuing jurisdiction for the expiration of

4

the maximum term of imprisonment he could have received on the most serious offense. In this case, one count of felonious assault. Appellant's assignment of error requires this court to analyze the trial court's construction and application of a statute. We therefore apply a de novo standard of review. *See, e.g., State v. Phillips*, 11th Dist. Trumbull No. 2008-T-0036, 2008-Ohio-6562.

{¶15} R.C. 2945.401(J)(1)(b) controls the trial court's ability to exercise jurisdiction over appellant in this case. It provides:

{¶16} (J)(1) A defendant or person who has been committed pursuant to section 2945.39 or 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. For purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following:

{¶17} * * *

{¶18} (b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity;

{¶19} Appellant asserts that the maximum term of imprisonment for the most serious offense, eight years, is the maximum period over which the trial court could exercise jurisdiction over him. Accordingly, he maintains, under subsection (b), the trial court was without authority to order continued institutionalization of appellant. In support, appellant cites the Sixth Appellate District's opinion in *State v. Coleman*, 6th Dist. Lucas No. L-15-1071, 2016-Ohio-1111. In *Coleman*, the defendant was found NGRI of robbery and burglary. The trial court subsequently committed the defendant to an institution for 16 years, the maximum, consecutive prison term to which the

5

defendant could have been sentenced had he not been found NGRI. The Sixth District reversed and remanded the trial court's judgment, holding: "[t]he trial court is permitted to commit appellant for psychiatric treatment only for the maximum amount of time appellant would have received on the most serious offense. As such, appellant should have only been sentenced to a maximum commitment of eight years." *Id.* at ¶15.

{¶20} R.C. 2945.401(J)(1) governs commitments of individuals under both R.C. 2945.39 and R.C. 2945.40. The former statute addresses individuals charged with a crime, but found incompetent to stand trial, the latter addresses individuals found NGRI. With this in mind, subsection (b) is disjunctive and addresses how long a court may exercise jurisdiction over one of these two individuals. To wit: "The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person [1] is charged or [2] in relation to which the defendant or person was found not guilty by reason of insanity." R.C. 2945.401(J)(1)(b).

{¶21} The first disjunct addresses a charge or charges that remain pending and the second addresses a charge or charges that a defendant has been previously found NGRI. The language of the statute consequently indicates the first disjunct would apply to individuals charged with, but found incompetent to stand trial; the second disjunct alternatively applies to individuals who have stood trial, and been found NGRI. In light of the plain language of the statute, the trial court is entitled to exercise jurisdiction over appellant until the expiration of the maximum prison term *for the most serious offense* in relation to which he was found NGRI. Appellant was found NGRI of two counts of felonious assault, felonies of the second degree. They are each equally serious, but the

6

statutory language contemplates the most serious singular offense, not multiple offenses. To read the statute otherwise would judicially modify the phrase "the most serious offense" to "the most serious offenses," or arbitrarily limit "the most serious offense" clause to those found incompetent to stand trial. The former transcends this court's authority; the latter would eliminate what appears to be a necessary modifier, i.e., the most serious offense, for each disjunct. We accordingly hold the trial court erred in concluding appellant would be under its jurisdiction for maximum terms available for both offenses.

{¶22} Appellant was institutionalized on December 24, 2009; the maximum penalty for the most serious offense, felonious assault, was eight years. Accordingly, he is no longer under the court's jurisdiction. Statutorily, the Department of Rehabilitation and Corrections ("DRC") or the "director's designee" was empowered to initiate civil commitment proceedings, pursuant to R.C. 5122.11, at least 14 days prior to the expiration of appellant's sentence and discharge. See R.C. 5120.17(I). It does not appear the DRC initiated those proceedings within the statutory window. Nevertheless, and in light of the hearing on jurisdiction (in which the court heard substantive evidence relating to the import of appellant's continued commitment), R.C. 5122.11 authorizes "any person or persons" with reliable information or actual knowledge to file an affidavit with the probate court and initiate commitment proceedings if appellant remains a mentally ill person subject to a civil court order, pursuant to R.C. 5122.01(B). Simply because the trial court lost jurisdiction over appellant under its December 2009 criminal order does not preclude the foregoing civil remedy, particularly if appellant remains a substantial and immediate danger to himself or others.

{¶23} Appellant's assignment of error has merit.

{¶24} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and remanded.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.